IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FABIAN JAVIER MIRELES, TDCJ #1035669, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5099 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**ORDER**

On May 14, 2004, this Court denied the federal habeas corpus petition filed by state inmate Fabian Javier Mireles and dismissed this case with prejudice. Mireles filed a notice of appeal. On September 1, 2004, the Fifth Circuit dismissed the appeal after finding that the petitioner's notice was not timely filed. *See Mireles v. Dretke*, No. 04-20555 (5th Cir. Sept. 1, 2004) (per curiam). Mireles has now filed a motion asking this Court to extend his time to file a new federal habeas corpus petition. (Doc. #22). The motion is denied for reasons set forth below.

Importantly, this case is closed and Mireles cites no authority to reopen this proceeding after his appeal has been dismissed. Simply put, he may not file a new federal habeas corpus proceeding in this closed case. To the extent that Mireles seeks collateral review of the same conviction or convictions challenged previously in this case, he is

precluded from doing so by 28 U.S.C. § 2244(b), which prohibits a second or successive petition without prior authorization from the Fifth Circuit.

Moreover, Mireles does not include a proposed federal habeas corpus petition and he does not otherwise indicate what he seeks to challenge. His motion for an extension of time is, in effect, a request to toll the governing statute of limitations on federal habeas corpus review before he files a petition. *See* 28 U.S.C. § 2244(d). Because Mireles has not yet filed a federal habeas corpus petition, this Court has no subject matter jurisdiction to consider whether tolling of the federal statute of limitations is appropriate *See United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (concluding that a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely, under the AEDPA's one-year statute of limitations, until such a motion is actually filed); *United States v. McFarland*, 125 Fed. App'x 573, (5th Cir. April 6, 2005) (same); *United States v. Callahan*, 70 Fed. App'x 179 (5th Cir. July 9, 2003) (same). *See also Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (holding that a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations).

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *Leon*, 203 F.3d at 163 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937)). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *Id*. (quoting *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted)).

Unless a petitioner has filed an actual habeas corpus petition, there is no case or controversy to be heard and any opinion rendered on the timeliness of the potential petition would be hypothetical and impermissibly advisory. If or when Mireles actually files a federal habeas corpus petition, the reviewing court may then (if appropriate) consider his whether the petition should be considered timely or otherwise properly filed. Until Mireles submits an actual petition, however, there is no federal court jurisdiction to consider the matter.

Based on the foregoing, it is **ORDERED** that the petitioner's motion for an extension of time (Doc. #22) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **September 18, 2006.**

Nancy F. Atlas
United States District Judge